UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) <br> ) <br> ALEXANDRA G. ARKUSZEWSKI, ) <br> ) <br> ) <br> ) <br> ) | No. 14 C 3086 <br><br> Judge Sara L. Ellis |

## OPINION AND ORDER

Alexandra G. Arkuszewski appeals the dismissal of her bankruptcy petition ("Petition"). The bankruptcy court dismissed her Petition because Arkuszewski received the required credit counseling on the same day as, but approximately six hours *after* filing her Petition. Although such a bright line rule can create a harsh result, especially for *pro se* petitioners, the Court must uphold the dismissal. Arkuszewski's appeal [1] is denied.

## BACKGROUND

Neither party disputes the facts or the bankruptcy court's factual findings. Arkuszewski filed a voluntary petition for chapter 13 bankruptcy relief under 11 U.S.C. § 101, *et seq*. Arkuszewski filed the Petition at 12:41 p.m. (CST) on November 25, 2013. On December 11, 2013, Marilyn O. Marshall, the Chapter 13 Trustee ("Trustee"), filed a Motion to Dismiss Case for Ineligibility on the grounds that Arkuszewski had not complied with Section 109(h) of the Bankruptcy Code by filing a certificate of credit counseling within fifteen days of the filing of the bankruptcy case. Section 109(h) states that, subject to enumerated exceptions:

> an individual may not be a debtor under this title unless such individual has, during the 180-day period ending on the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency described in section 111(a) an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities

> for available credit counseling and assisted such individual in performing a related budget analysis.

11 U.S.C. § 109(h)(1). On December 19, 2013, Arkuszewski filed a certificate of credit counseling stating that she received the counseling on November 25, 2013 at 7:31 p.m. (EST). Therefore, according to Arkuszewski's certificate, she received the credit counseling approximately six hours after filing her bankruptcy petition. On January 30, 2014, the Bankruptcy Court dismissed Arkuszewski's case for ineligibility based on her failure to receive credit counseling prior to the filing of her petition. Arkuszewski filed a motion to vacate that dismissal order, which was denied. The Bankruptcy Court ultimately issued an Amended Memorandum of Decision on March 24, 2014 explaining its reasons for denying the motion to vacate. This appeal followed.

## LEGAL STANDARD

Under 28 U.S.C. § 158(a)(1), this Court has jurisdiction to hear appeals from final judgments, orders, and decrees of a bankruptcy court. The Court reviews a bankruptcy court's findings of fact for clear error and its legal conclusions *de novo*. *Kovacs v. United States*, 739 F.3d 1020, 1023 (7th Cir. 2014).

## ANALYSIS

The legal question presented by this appeal is whether Section 109(h) requires the bankruptcy petitioner to complete credit counseling prior to the filing of the petition or whether the petitioner may complete the credit counseling up until midnight of the date of the filing of the petition. For the reasons that follow, the Court finds that Section 109(h) requires that a petitioner receive credit counseling prior to the filing of her petition.

I.      **Bankruptcy Code Section 109(h)(1)**

Arkuszewski argues that she complied with the plain meaning of Section 109(h)(1) by receiving credit counseling on the same day she filed her Petition. The Trustee argues that Arkuszewski cannot be qualified as a debtor if she did not receive credit counseling before the filing of the Petition. The contested language of Section 109(h)(1) is: "an individual may not be a debtor under this title unless such individual has, *during the 180-day period ending on the date of filing of the petition* by such individual," received approved credit counseling. 11 U.S.C. § 109(h)(1) (emphasis added).

For a question of statutory interpretation, the Court looks first to the text of the statute, *United States v. Ron Pair Enter., Inc.*, 489 U.S. 235, 241, 109 S. Ct. 1026, 103 L. Ed. 2d 290 (1989), and endeavors to interpret the statutory language according to its "ordinary, contemporary, common meaning," *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993). If the statute's language is plain, then the Court must enforce it according to its terms. *Ron Pair Enter.*, 489 U.S. at 241. The parties acknowledge that courts disagree on the interpretation of the phrase "ending on the date of filing of the petition." *Compare In re Walker*, 502 B.R. 324, 330 (Bankr. N.D. Ill. 2013) (finding counseling on the day of the filing of the petition satisfies the plain language of section 109(h)(1)), *with In re Lane*, No. 12-10718-M, 2012 WL 1865448, at *4 (Bankr. N.D. Okla. May, 22, 2012) (adopting bright line rule that credit counseling must have been obtained as of the time of filing) *and In re Koo*, No. 12-00121, 2012 WL 692578, at *2 (Bankr. D.C. Mar. 2, 2012) (same). While some courts have looked to Black's Law Dictionary to define "date" as "day" or "24-hour period," *see In re Walker*, 502 B.R. at 328, others used the same source to define "date" as "a specified time," *see In re Moore*, 359 B.R. 665, 671 (E.D. Tenn. 2006).

3

When determining plain meaning, the Court examines the statute as a whole and considers the language in context. *See K Mart Corp. v. Cartier, Inc.*, 486 U.S. 281, 291, 108 S. Ct. 1811, 100 L. Ed. 2d 313 (1988) ("In ascertaining the plain meaning of the statute, the court must look to the particular statutory language at issue, as well as the language and design of the statute as a whole."). The phrase in question is contained in the Bankruptcy Code's General Provisions, § 109, "Who May Be A Debtor." 11 U.S.C. § 109. Section 109(h)(1) specifically discusses eligibility, stating "an individual may not be a debtor under this title unless such individual has, during the 180-day period ending on the date of filing of the petition" received credit counseling. *Id.* at § 109(h)(1). "This language is instructive because it reminds us that this is an eligibility provision, just like other eligibility requirements in § 109 of the Bankruptcy Code, defining who is eligible for bankruptcy relief." *In re Moore*, 359 B.R. at 671. However, that this is an eligibility provision does not answer the question of when the credit counseling must be completed—i.e. whether credit counsel is a prerequisite to the filing of the petition.

The court in *Moore* explained, "[e]ligibility is determined as of the filing of the petition." *Id*. "[E]ligibility to be a debtor under a particular chapter of the Bankruptcy Code is not the equivalent of a jurisdictional question." *In re Lane*, 2012 WL 1865448, at *5. Rather, the filing of a petition sets in motion a series of events, most notably the creation of the bankruptcy estate and an automatic stay. *See In re Gossett*, 369 B.R. 361, 374 (Bankr. N.D. Ill. 2007) ("Until the Court determines that a petitioner is ineligible as a debtor, a case is commenced by the filing of the petition, an estate is created under 11 U.S.C. § 541, and the automatic stay of § 362(a) commences."), *superseded in other part by statute*, 11 U.S.C. § 109(h)(1) (2010), *as recognized in In re Walker*, 502 B.R. at 331. And a court may properly dismiss a petition at a later date if it is determined that the debtor is ineligible under § 109. *See id.*; *In re Hamilton Creek Metro.*

4

*Dist.*, 143 F.3d 1381, 1385 n.2 (10th Cir. 1998) (affirming bankruptcy court's dismissal of petition under § 109(c)).

Arkuszewski agrees that eligibility is determined as of the filing of the petition, but contends that failing to complete prepetition counseling is not a bar to becoming a debtor. For this argument, she relies on *In re Walker*, the only case that finds against a bright line time-of-filing requirement for § 109(h)(1).[1] In *Walker*, the court concluded that the language of the section was clear: date referred to day, i.e., the twenty-four hour period. 390 B.R. at 328. In its discussion of counterarguments, the *Walker* court considered the tense in the phrase "has received" and concluded that this phrase was in the present perfect tense, which "may be used to denote both past and present time. It is concerned with a time-span beginning in the past and extending up to now." 502 B.R. at 329–30 (quoting R. Huddleston & G.K. Pullum, *The Cambridge Grammar of the English Language* 143 (2002) (internal quotation marks omitted)). The bankruptcy court in this case rejected this characterization of the phrasing. *In re Arkuszewski*, 507 B.R. 242, 246 (Bankr. N.D. Ill. 2014). That court reviewed the same grammar manual and determined that the phrase is in the resultant perfect:

> As used in § 109(h)(1), though, the present perfect tense does not indicate continuing activity. Rather, the tense is used in a phrase or sentence to set out an action, completed in the past, that has a present effect. . . . . Among [*The Cambridge Grammar's*] examples . . . [is] the sentence "She has run ten kilometers," and [it] explains that this completed act of running will result in a present effect such as "She is tired" or "She is hot." In § 109(h)(1), the phrase . . . "has . . . received" . . . sets out the completed action, and the result is that the individual is eligible to be a debtor in a bankruptcy case. Eligibility begins when the past action—receipt of a credit counseling briefing—has been completed.

---

[1] The leading bankruptcy treatise has cited *Walker* for this proposition. 2 Alan N. Resnick & Henry J. Somme, *Collier on Bankruptcy* 109.09[1] (16th ed. 2015) ("Under the language of section 109(h), as amended in 2010, it appears that the credit counseling briefing could occur after the petition is filed, as long as it occurs on the same day. However, debtors would be well-advised to obtain the briefing prior to filing the petition if at all possible." (citations omitted)).

5

*Id*. The Court finds this explanation of the phrasing more persuasive and will follow the majority of courts that interpret this requirement as a pre-requisite to eligibility. *See In re Moore*, 359 B.R. at 671 (concluding that Congress's placement of this requirement in the eligibility section indicated that Congress intended the moment of filing to be "the deadline by which credit counseling must be accomplished" (adopting and quoting *In re Hudson*, 352 B.R. 391, 395–96 (D. Md. 2006))); *In re Koo*, 2012 WL 692578, at *1 (noting this phrase "has been interpreted by the majority of courts as referring to the moment of filing of the petition, not the entire calendar day on which the petition was filed"); *In re Lane*, 2012 WL 1865448, at *4 ("Eligibility to be a debtor under Title 11 is measured as of the filing of the petition, and § 109(h)(1) establishes an explicit deadline for making that determination."); *In re Francisco*, 390 B.R. 700, 704–705 (10th Cir. BAP 2008) (analyzing pre-2010 technical amendment statute, "[W]e conclude that a debtor qualifies as a debtor under § 109(h) so long as he or she completes the required credit counseling at any time between 180 days before, and the moment of, filing the petition.").

Whatever the classification of this tense, the operative inquiry is on the meaning of "date." In further support of her plain meaning argument, Arkuszewski points to sections of the Bankruptcy Code that specify a time period beginning "after filing of the petition" to argue that "date" means the full day of filing and if Congress had wanted a bright line cut-off for this requirement, it would have included that language. Doc. 3 at 9 (citing § 1328(g)(1)—a financial management course must be completed "after filing of the petition" to receive a discharge, and § 109(h)(3)—discussing exemptions that "shall cease to apply to that debtor on the date on which the debtor meets the requirements of paragraph (1), but in no case may the exemption apply to that debtor after the date that is 30 days after the debtor files a petition"). However, neither of

6

the "dates" in these phrases refers to the date of the filing of the petition and therefore has the possibility for ambiguity related to the time of filing versus the entire day. Rather, these are dates that are keyed to sometime after the filing of the petition.

And while it is generally presumed that "Congress acts intentionally and purposefully," when it "includes particular language in one section of a statute but omits it in another section of the same Act," *see Russello v. United States*, 464 U.S. 16, 23, 104 S. Ct. 296, 78 L. Ed. 2d 17 (1983), "date of filing" in other sections of the Code that refer specifically to the petition filing day, notably in reference to avoidance of transfers and timing of debts, has been interpreted to mean the moment of filing and therefore to support a bright-line in § 109(h)(1). *See In re Francisco*, 390 B.R. at 704–705 (reviewing these sections and discussing cases considering the "gap issues" that could arise if events were not pegged to timing of the petition filing); *In re Moore*, 359 B.R. at 672 ("Congress sometimes used the phrases 'preceding the date of filing' and 'after the date of filing' to simply mean before the bankruptcy filing and after the bankruptcy filing."); *In re Lane*, 2012 WL 1865448, at *4 ("This logic is consistent with other provisions in the Bankruptcy Code that use the petition date to establish important deadlines for events that are routinely referred to as 'pre-petition' or 'post-petition.'").

Arkuszewski first calls these other instances of "date" in the Code "extrinsic ambiguities"; however, extrinsic ambiguity does not refer to inter-textual conflicts—it means an ambiguity that arises from the application of the statute. *See In re Draiman*, 714 F.3d 462, 465 (7th Cir. 2013) (extrinsic ambiguity is "an ambiguity that emerges from the context of the text sought to be interpreted rather than being discernible from the text"); *Reich v. Great Lakes Indian Fish & Wildlife Comm'n*, 4 F.3d 490, 494 (7th Cir. 1993) ("Even literalists . . . acknowledge the applicability to statutes of the principle of contract interpretation that allows the

court to seek meaning beneath the semantic level not only when there is an "intrinsic" ambiguity in the contract but also when there is an "extrinsic" one, that is, when doubt that the literal meaning is the correct one arises only when one knows something about the concrete activities that the contract was intended to regulate.").

Arkuszewski next argues that courts interpret the other instances of "date of filing" to mean the moment of filing in order to avoid absurd or uncertain results related to the property of the estate or to avoid a gap period in classifying transfers, but that no such considerations are necessary with the credit counseling requirement. Arkuszewski's argument, however, ignores the context of this phrase in the eligibility provision. If eligibility is determined as of the time of filing, then the interpretation of "date" as the moment of filing would, as with the other day-of phrases, avoid a "gap period" question of when exactly on the day the requirement must be met. Pegging the credit counseling requirement to the moment of filing certainly gives clarity to petitioners "and avoids creating a post-petition gap or window period on the day the petition is filed when debtors might scramble to receive the required credit counseling." *See In re Lane*, 2012 WL 1865448, at *4. The Court finds it persuasive that so many other courts have interpreted this phrase in the context of other pre- and post-petition questions to mean the moment of filing. This strongly suggests that, while "date" usually refers to a twenty-four hour period, here it has the alternative meaning of a specific moment in time—i.e. the filing of the petition.

Arkuszewski also argues that the enumerated exemptions from the credit counseling requirement support the interpretation that date of filing means the entire day. The Trustee maintains that these exceptions underscore that credit counseling is a prerequisite to filing. The Court agrees with the Trustee.

Sections 109(h)(2)–(4) establish exceptions and a temporary exemption from the credit counseling requirement. Section 109(h)(2) excuses debtors residing in a district in which the approved credit counseling agencies are not reasonably able to provide adequate services to additional individuals and § 109(h)(4) exempts debtors who are determined by a court hearing to be unable to complete the counseling requirements "because of incapacity, disability, or active military duty in a military combat zone." 11 U.S.C. § 109(h)(2)–(4). Section 109(h)(3) allows a thirty to forty-five day exemption to debtors who submit a certification of exigent circumstances along with a statement that counseling services were requested but not timely available. Neither party asserts that Arkuszewski has applied for or would qualify for any of these sections.

Arkuszewski first argues that § 109(h)(2) and 109(h)(4) are not incompatible with the requirement that the debtor complete counseling on the day of the petition. These sections do not shed any light on this question. Arkuszewski next argues that § 109(h)(3) provides for a thirty to forty-five day "temporary abatement" of the credit counseling requirement when a petitioner requests it with a showing of exigent circumstances. But this section does not preclude the possibility that credit counseling "can only be received after the debtor files a petition when there are exigent circumstances." Doc. 13 at 5. This stretches the plain meaning of the phrase too far—this section creates an exception in the case of exigent circumstances from the requirement that "an individual may not be a debtor under this title unless such individual has . . . received" credit counseling. 11 U.S.C. § 109(h)(1). This phrasing limits those who can qualify to those who receive the counseling. That the statute includes express exemptions from that requirement implies that other, non-expressed exceptions are not valid. To hold otherwise would render § 109(h)(3) superfluous, something the Court must try to avoid in statutory interpretation. *See Harrell v. U.S.P.S.*, 445 F.3d 913, 925 (7th Cir. 2006) ("Courts should avoid statutory

constructions that render another part of the same provision superfluous." (quoting *United States v. Alvarenga-Silva*, 324 F.3d 884, 887 (7th Cir. 2003)).

Arkuszewski further argues that § 109(h)(3) shows that post-petition counseling is not mandated, again relying on *In re Walker*. Respectfully, the Court disagrees and reads this exception as creating a mechanism for petitioners who, due to exigent circumstances and for good cause, are not able to comply with the pre-filing counseling requirement. *See In re Lane*, 2012 WL 1865448, at *5 ("Given that such a detailed scheme is provided by the statute to request a temporary waiver of the credit counseling requirement in appropriate circumstances, it does not make sense that the statute would also create a window for those who are able to scurry and quickly complete the requirement before midnight on the petition date."). Arkuszewski finally argues that this section shows Congress intended credit counseling to be completed near the time of filing and valued credit counseling, even post-filing. Arkuszewski does not point to any legislative history to support this argument and, again, the Court believes the more natural reading of this section is that it creates an exception from the pre-filing requirement and reinforces Congress's intention that debtors receive credit counseling unless it was unavailable or an extraordinary hardship to the petitioner.

Finally, the Trustee relies on the national form that is filed with a bankruptcy petition and requires a certification, under penalty of perjury, of compliance with § 109(h) stating either that credit counseling was received "within 180 days before the filing of my bankruptcy case," or the exemption circumstances have been met. The Court agrees that this form's language is consistent with a bright line, time-of-filing approach, *see In re Lane*, 2012 WL 1865448, at *4; however, an acknowledgment of that similar language is as far as this Court is willing to go, because as a form, it "must be read in light of the Bankruptcy Code provisions that govern this

case, and must yield to those provisions in the event of conflict." *See Schwab v. Reilly*, 560 U.S. 770, 779 n.5, 130 S. Ct. 2652, 177 L. Ed. 2d 234 (2010).

Although the language of § 109(h)(1) is not entirely clear, the majority of courts have found that receipt of credit counseling before the filing of the petition is a pre-requisite to eligibility as a debtor. As discussed above, this Court agrees.

## II. Legislative History of Bankruptcy Code Section 109(h)(1)

The Trustee argues that legislative history shows Congress's intent to make credit counseling a pre-filing requirement. Arkuszewski states that Congress's intent is unclear as to when debtors must complete the counseling. When statutory language is ambiguous, the Court may look to legislative history to help resolve the ambiguity. *See Milner v. Dep't of Navy*, 562 U.S. 562, 572, 131 S. Ct. 1259, 179 L. Ed. 2d 268 (2011) ("Those of us who make use of legislative history believe that clear evidence of congressional intent may illuminate ambiguous text. We will not take the opposite tack of allowing ambiguous legislative history to muddy clear statutory language.").

Section 109(h)(1) was amended in 2010 through the Bankruptcy Technical Corrections Act of 2010, Pub. L. 111-327, 124 Stat. 3557 (Dec. 22, 2010). Prior to this amendment, this section stated that an individual could not be a debtor unless he or she received credit counseling "during the 180-day period *preceding* the date of filing of the petition." 11 U.S.C. § 109(h)(1) (2005) (emphasis added). There was a split among bankruptcy courts on how to interpret the timing of this requirement and whether a petitioner could receive counseling on the day of the filing or whether the statute required a "waiting period" of at least one day prior to filing. *See In re Francisco*, 390 B.R. at 702–705 (discussing the "plain language" cases (must be received by the day before) versus the "bright line" cases (must be received by the moment of filing)). The

11

2010 amendment removed "preceding" and substituted "ending on."  *See* 11 U.S.C. § 109(h)(1) (2010).  "By replacing the word 'preceding' with the words 'ending on,' the statutory drafters clearly rejected the line of authority suggesting that the credit counseling deadline is the day before filing." *In re Jackson*, No. 12-77990-JRS, 2012 WL 7679562, at *1 (Bankr. N.D. Ga. Dec. 12, 2012).  As another court explained:

> The statute contains no indication that the change to § 109(h)(1) was anything other than a technical amendment intended to clarify that, as held by the better reasoned decisions, the required prepetition credit counseling could be received up until the moment of filing of the bankruptcy petition, and need not be received prior to the calendar day on which the petition was filed.

*In re Koo*, 2012 WL 692578, at *1.

Arkuszewski argues that this amendment shows Congress backing away from a "waiting period," therefore credit counseling need not occur before the actual filing of the petition.  However, courts and legal scholars still view credit counseling as a pre-filing requirement.  In support of the moment of filing interpretation, the *In re Koo* court pointed to the 2005 House Report adding the credit counseling requirement "to require an individual—*as a condition of eligibility for bankruptcy relief*—to receive credit counseling within the 180-day period preceding the filing of a bankruptcy case" as evidence of Congress's intention that this be a pre-filing requirement and concluded that the technical amendment in 2010 "was written with that legislative history on the books" and did nothing to alter it.  *Id.* at *2 (citing H.R. Rep. No. 109-31, at 54 (2005)).

That same House Report expressed Congress's intent that credit counseling would assist the individual in making an "informed choice" about filing for bankruptcy, in the hopes that some cases would be resolved outside the court system.  *See* H.R. Rep. No. 109-31, at 2 ("[The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005] requires debtors to receive

credit counseling before they can be eligible for bankruptcy relief so that they will make an informed choice about bankruptcy, its alternatives, and consequences."). Legal commentators agree that Congress intended credit counseling to be a pre-filing requirement. *See* Lindsay Sherp, *To Strike or to Dismiss, That is the Question: How Courts Should Dispose of Bankruptcy Cases Filed by Debtors Who Failed to Obtain Credit Counseling*, 60 BAYLOR L. REV. 317, 320 (2008) ("The language of section 109(h) unambiguously reflects Congress' intention to prevent individuals from filing for bankruptcy without first receiving credit counseling."); Michael D. Sousa, *Just Punch My Bankruptcy Ticket: A Qualitative Study of Mandatory Debtor Financial Education*, 97 MARQ. L. REV. 391, 398 (2013) ("As for the pre-filing credit counseling course, Congress's mission was to have prospective debtors understand the potential alternatives to filing for bankruptcy relief with the goal of having a significant portion of them settle their debt obligations outside of the bankruptcy system."). The United States Government Accountability Office and legal scholars have acknowledged, however, that there is little to indicate that this counseling actually convinces petitioners to avoid a bankruptcy action. U.S. GOV'T ACCOUNTABILITY OFFICE, GAO-07-203, BANKRUPTCY REFORM: VALUE OF CREDIT COUNSELING REQUIREMENT IS NOT CLEAR, *Highlights* (2007) ("[T]he requirement may often serve more as an administrative obstacle than as a timely presentation of meaningful options."); Sousa, 97 MARQ. L. REV. at 462 ("If the congressional intent behind the pre-filing credit counseling course was to educate debtors about the options available to addressing their financial situations with the hope of persuading large numbers to forgo resorting to bankruptcy, then this 'goal' seems to have proven to be a failure.").

Whether § 109(h)(1) has had the desired effect, the legislative history suggests that Congress intended the technical amendment to clarify that a petitioner had up until the moment

of filing to receive the credit counseling, bringing the statute in line with the so-called "bright line" cases. *See In re Francisco*, 390 B.R. at 703–705. This bolsters the Trustee's argument that the amendment reinforced the pre-filing requirement and nowhere evidences any intention by Congress that a petitioner be allowed to complete the counseling after the petition was filed although still on the same day.

Arkuszewski finally asks the Court to find in her favor because the Bankruptcy Code should be liberally interpreted to give debtor "the full measure of the relief afforded by Congress." *See Wright v. Union Cent. Life Ins. Co.*, 311 U.S. 273, 279, 61 S. Ct. 196, 85 L. Ed. 184 (1940). While this pre-filing requirement does not allow petitioners to scramble after the fact to complete the counseling, the statute is not completely heartless. The exigency provision of § 109(h)(3) allows debtors to request a temporary reprieve from this requirement for good cause. Arkuszewski did not make any such request.[2] *Pro se* debtors, like *pro se* petitioners in every court, suffer disadvantage from their lack of experience with the legal system and therefore are afforded certain procedural protections; however, they must still abide by the timing requirements in statutes and rules. *See Williams-Guice v. Bd. of Educ. of City of Chicago*, 45 F.3d 161, 164 (7th Cir. 1995) ("Even uncounseled litigants must act within the time provided by statutes and rules."); *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994) ("Although civil litigants who present themselves ("pro se") benefit from various procedural protections not otherwise afforded to the ordinary attorney-represented litigant, pro se litigants are not entitled to a general dispensation from the rules of procedure or court imposed deadlines." (citations omitted)).

---

[2] Although not argued before this Court, the bankruptcy court noted that Arkuszewski said a clerk's office employee told her that it was "good enough" that she had started the process of credit counseling before filing. *In re Arkuszewski*, 507 B.R. at 244. Again, unfortunately for Arkuszewski, and as noted by the bankruptcy court, clerk's office employees cannot give legal advice and litigants may not rely on their conversations with clerk's office employees to avoid procedural or substantive requirements. *See id.*; *West v. Lewis Color Lithographers*, No. 606CV064, 2007 WL 2071531, at *2 (S.D. Ga. 2007) ("[N]o litigant may ask for or receive substantive advice of any kind from this Court's Clerk, and certainly no one may *rely* on any such advice even if it is (wrongfully at that) dispensed.").

Arkuszewski did not comply with the terms of § 109(h)(1) by completing her credit counseling approximately six hours after filing her Petition.

**CONCLUSION**

For the foregoing reasons, the decision of the bankruptcy court in dismissing Arkuszewski's Petition is upheld. Arkuszewski's appeal [1] is denied.

Dated: August 10, 2015

SARA L. ELLIS
United States District Judge